## WILLIAM R. MARTIN, RESPONDENT, *v.* THE WINDSOR HOTEL COMPANY, APPELLANT.

*Action by an attorney for services — defense that charges are exorbitant and oppressive — reference not usually ordered in such cases.*

APPEAL from an order made at the Special Term, directing a referee to hear, try and determine the issues in the action.

This action is brought to recover for services of the plaintiff, as an attorney and counselor, for a period running from September, 1873, to the close of the year 1874.

The court at General Term said: " We think there is no doubt that the court below had 'power to order the reference, in its discretion. This court is, however, at liberty to review the order, notwithstanding it was discretionary. It is apparent from the affidavits and pleadings that the principal questions on the trial will be, whether the plaintiff performed the services on the retainer of the defendants or of John T. Daly, and the fair value of such services. The issues ought not to be long in the trial, and the account is not complicated nor embarrassing. An expert is not necessary, except upon the question of values, and as to that, the experts are more properly to be the witnesses. There is no fixed rule which prevents the reference of an attorney's account for services to another attorney, and yet courts should be careful to avoid referring such cases to members of the same profession, where there appears upon the face of the claim good reason to suppose that the client's resistance, on the ground of exorbitance and oppression, may prove to be well founded. It is not because such referees will not do equal and full justice to the parties, but because of a general impression that, on questions of compensation for legal services, lawyers may not be, and sometimes are not, unprejudiced in determining values. A physician is not chosen as a referee on physician's accounts, nor are clergymen when a pastor sues for the value of his services, and so, also, as to all other trades and professions; and in the popular mind it is, not without some show of reason, thought invidious that lawyers only should be selected to determine the claims of lawyers. It is better for the profession and for the courts that this should

not be so; and the honor and well-being of the profession requires that lawyers should not be thought to shrink from an examination of their charges by a jury, enlightened by the opinions of other lawyers as witnesses, and by the instructions of the courts."

*Luke A. Lockwood*, for the appellant. *James Emott*, for the respondent.

Opinion by DAVIS, P. J.; DANIELS, J., concurred.

Present — DAVIS, P. J., DANIELS and BRADY, JJ.

Order reversed and motion denied, without costs.